Oakley J.
The plaintiff, with one M‘Dermott, entered into an article of agreement with the New-York Hydraulic, Manufacturing and Bridge Company, whereby they agreed to build, for the Company, two abutments, or bulk-heads, at Kingsbridge, connected with the canal, which the Company was about to make. This Company was a private association, under the above style, and the defendants were members of it. The contract with the plaintiff and McDermott was executed by Campbell, as President, and Rhinelander, as Treasurer, and is declared to have been entered into agreeably to the articles of association of the said Company. In addition to the work done under the contract, the plaintiff, by the direction of Campbell and Rhinelander, performed other labor in excavating the canal, and this action is brought to recover compensation for such labor.
The Company was formed under certain articles' of association. The 13th section of these articles provides, that no person dealing with the Company, shall have recourse, for any debt or demand, against the separate property of the members of the association, but shall be deemed to have given credit solely to the joint funds of the Company; and that all suits against the Company should be brought against the President for the time being.The 18th section provides, that for the information of all persons *276 dealing with the Company, any contract made by them, shall distinctly declare, that payment is to be made out of the joint funds of the Company, and not otherwise ; and it was also expressly provided by the said section, that the trustees or agents of the Company should have no authority to bind it, by any contract, unless it contained a limitation or restriction that payment was to be made in the manner before specified. It is contended by the defendants, that by the reference in the agreement, entered into by the plaintiff and McDermott, to the articles of association, the plaintiff is charged with notice of the nature of these articles, and must be considered, in his subsequent contract, for excavating the canal, as acting in reference to them, and as waiving any right to resort for payment to the members of the Company, as individuals. This position is not well founded. The contract in question was by parol, and being attended by no restriction as to the right of the plaintiff to demand payment, is clearly not binding on the Company as such, nor could it be enforced against the joint stock of the Company, by a suit against, their.President, as directed by the articles of association. The President and Treasurer of the Company, were agents, acting under special and limited powers, as it respected their right to bind the Company, and were bound to conform strictly to them. Not having done so, their act is not binding on their principals.
The plaintiff, however, having performed labor for the benefit of the association, has a clear right to maintain his action, not upon the contract itself, but upon a quantum meruit, either against the agents of the Company, as having rendered themselves personally responsible, or against the individuals, composing the association, on the ground that they have received the benefit of the plaintiff’s labor. I think it may be maintained against the latter. The plaintiff must be considered as performing his labor without any reference to the nature of the association, and in pursuance of the directions of agents, whose limited or special authority was not known to him. Under such circumstances, the defendants, as members of the association, have reaped the benefit of the plaintiff’s labor, and are bound to pay for it.
*277 There must, therefore, be judgment for the plaintiff, subject to a reference to ascertain the value of the labor performed on canal, as distinguished from that doiie, under the special contract, for the building of the bulk-heads.

Judgment for the plaintiff.

[Wells and Van Wagenen, Attys, for the plff. J. Hildreth, Atty. for the defts.]